IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CENTER CITY HEALTHCARE, LLC | ) | Case No. 19-11466 (MFW) |
| d/b/a HAHNEMANN UNIVERSITY | ) | |
| HOSPITAL, *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| CENTER CITY HEALTHCARE, LLC | ) | |
| d/b/a HAHNEMANN UNIVERSITY | ) | |
| HOSPITAL, and ST. CHRISTOPHER'S | ) | |
| HEALTHCARE, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21-50910 (MFW) |
| | ) | |
| UROLOGY FOR CHILDREN LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, & 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Defendant, Urology for Children LLC ("Defendant"), hereby submits its *Answer to Complaint* (the "Complaint") *for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* filed against it by Center City Healthcare, LLC d/b/a Hahnemann University Hospital and St. Christopher's Healthcare, LLC ("Plaintiffs"), and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540). The Debtors' mailing address is 216 North Broad Street, 4th Floor, Philadelphia, Pennsylvania 19102.

## NATURE OF ACTION

1. Paragraph 1 of the Complaint states relief Plaintiffs seek to obtain in this matter. Defendant denies that Plaintiffs are entitled to any such relief.

2. Paragraph 2 of the Complaint states relief Plaintiffs seek to obtain in this matter. Defendant denies that Plaintiffs are entitled to any such relief.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies same.

4. Paragraph 4 of the Complaint states relief Plaintiffs seek to obtain in this matter. Defendant denies that Plaintiffs are entitled to any such relief.

5. Paragraph 5 of the Complaint states relief Plaintiffs seek to obtain in this matter. Defendant denies that Plaintiffs are entitled to any such relief. Further stated, Defendant denies that Plaintiffs may reserve rights they do not possess.

## THE PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and therefore denies same.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies same.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies same.

11. Admitted only that Defendant is a limited liability company formed under the laws of the State of New Jersey. Otherwise denied.

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant denies that it may be served with process at "Defendant's Office."

## JURISDICTION AND VENUE

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required.

14. Defendant admits only that this matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(f), (h), and (j).

15. Defendant respectfully withholds its consent to the entry of final orders or judgments in this matter by the Court if it is determined that absent Defendant's consent the Court cannot enter final orders or judgments in this matter consistent with Article III of the U.S. Constitution.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required.

## FACTS

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and therefore denies same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and therefore denies same.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

28. Defendant admits only that it received the transfers listed on Exhibit A to the Complaint during the 90 days prior to the Petition Date. Defendant denies that it received said transfers from more than one of the Plaintiffs, and Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegation contained in paragraph 28 of the Complaint that it received said transfers from either of the Plaintiffs, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the word "Transfers" because it states that more than one Debtor made said transfers. Accordingly, Defendant is unable to admit any allegation of the Complaint that incorporates the word "Transfers."

29. Exhibit A to the Complaint is a writing, which speaks for itself. Defendant admits that Exhibit A to the Complaint states: "Debtor," "Type," "Check Number," "Payment," "Clear Date," "Invoice Number," "Invoice Date," and "Invoice Amount." Defendant admits that it received the transfers listed on Exhibit A to the Complaint in the aggregate amount of $106,800 during the 90 days prior to the Petition Date. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint that said transfers were on account of antecedent obligations, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the word "Transfers" because it states that more than one Debtor made said transfers. Accordingly, Defendant is unable to admit any allegation of the Complaint that incorporates the word "Transfers."

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and therefore denies same.

31. Admitted that Defendant received a demand letter from the Plaintiffs. Denied that the demand letter accurately summed the transfers Defendant received or provided a reasonable amount of time in which to respond. Further stated, Defendant objects to Plaintiffs' definition of the word "Transfers" because it states that more than one Debtor made said transfers. Accordingly, Defendant is unable to admit any allegation of the Complaint that incorporates the word "Transfers." Further stated, Defendant objects to Plaintiffs' definition of the word "Demand"

because it incorporates the word "Transfers." Accordingly, Defendant is unable to admit any allegation of the Complaint that incorporates the word "Demand."

32. Defendant states that the allegations contained in Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint regarding Plaintiffs' analysis and beliefs, and therefore denies same. Further stated, the allegations contained in Paragraph 32 of the Complaint are contradicted by the allegations contained in Paragraph 3 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

33. Defendant incorporates all preceding responses to paragraphs 1 through 32 of the Complaint as if fully restated herein.

34. Defendant admits only that it received the transfers described on Exhibit A to the Complaint in the aggregate amount of $106,800 within the Avoidance Period. Defendant objects to Plaintiffs' definition of the term "Transfers" for the reasons stated above.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

36. Defendant objects to Plaintiffs' definition of the term "Transfers."

37. Defendant states that the allegations contained in Paragraph 37 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 37 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers." Further stated, the transfers described on Exhibit A to the Complaint in the aggregate amount of $106,800 are not recoverable as preferences because, had Defendant not received the payments pre-petition, it would have received amounts reflecting those sums when the Bankruptcy Court approved the cure of the assumed Emergency Room On-Call Agreement to which said transfers relate.

41. Admitted that Defendant has not returned any of the transfers described on Exhibit A to the Complaint in the aggregate amount of $106,800. Denied that Defendant is obligated to do so. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

42. Denied. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548)

43. Defendant incorporates all preceding responses to paragraphs 33 through 42 of the Complaint as if fully restated herein.

44. Paragraph 44 of the Complaint states relief Plaintiffs seek to obtain in this matter. Defendant denies that Plaintiffs are entitled to any such relief. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfer."

   (a) Paragraph 44(a) of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44(a) of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Potentially Fraudulent Transfer" because it incorporates the term "Transfer."

   (b) Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44(b) of the Complaint, and therefore denies same.

45. Denied. Further stated, Defendant objects to Plaintiffs' definition of the term "Potentially Fraudulent Transfers" because it incorporates the term "Transfers."

## THIRD CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

46. Defendant incorporates all preceding responses to paragraphs 43 through 45 of the Complaint as if fully restated herein.

47. Denied. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

48. Denied. Further stated, paragraph 48 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and therefore denies same. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

## FOURTH CLAIM FOR RELIEF

**(Disallowance of all Claims – 11 U.S.C. § [sic] 502(d) and (j))**

49. Defendant incorporates all preceding responses to paragraphs 46 through 48 of the Complaint as if fully restated herein.

50. Denied.

51. Paragraph 51 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant admits that it has not paid the amount of the alleged transfers it received or turned over such alleged property. Further stated, Defendant denies that it is obligated to do so. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

52. Paragraph 52 of the Complaint states legal conclusions to which no response is required. To the extent a response may be required, Defendant further states as follows: denied. Further stated, Defendant objects to Plaintiffs' definition of the term "Transfers."

**GENERAL DENIAL**

53. Defendant denies every allegation contained in the Complaint that has not been expressly admitted above, including that Plaintiffs are entitled to the relief they seek in their Prayer for Relief.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

54. In asserting the following affirmative defenses and/or additional defenses, Defendant does not shift any burden of proof or assume the need to prove any element of any claim asserted by Plaintiffs. To the extent that any of the defenses asserted below are not considered affirmative defenses, but rather part of Plaintiffs' burden of proof or elements Plaintiffs must prove in connection with their case-in-chief, such shall remain a part of Plaintiffs' burden notwithstanding any characterization herein of such aspects of the Plaintiffs' *prima facie* case as additional defenses and/or affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

55. The Complaint, including each of its purported Claims for Relief, fails to state a claim upon which relief can be granted. Further stated: The Emergency Room On-Call Agreement, to which the Alleged Transfers (as that term is defined below) relate, was assumed, cured, and assigned to the purchaser of the Debtors' assets pursuant to the *Order Under 11 U.S.C. § 105, 363, 365, 503 and 507 (A) Approving Asset Purchase Agreement with STC Opco, LLC (B) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtors' Executory Contracts, and (D) Granting Related Relief* (D.I. 795), and therefore the Complaint must be dismissed in accordance with the holding of In re Kiwi Intern. Air Lines, Inc., 344 F.3d 311, 323 (3d Cir. 2003) (debtor's mandatory performance of its cure obligations precludes exercise of its preference avoidance rights), with

costs and reasonable attorney's fees awarded to Defendant. Further stated: Plaintiffs have failed to conduct a reasonable investigation into Defendant's defenses to the allegations contained in the Complaint and the Complaint should therefore be dismissed, with costs and reasonable attorney's fees awarded to Defendant.

**SECOND AFFIRMATIVE DEFENSE**

56. The transfers described on Plaintiffs' "Statement of Account" attached as Exhibit A to the Complaint (the "Alleged Transfers"), if received by Defendant, were: (a) payment of one or more debts incurred by one of the Debtors in the ordinary course of its business or financial affairs; (b) made in the ordinary course of business or financial affairs between the parties; or (c) made according to ordinary business terms.

**THIRD AFFIRMATIVE DEFENSE**

57. After receipt of the Alleged Transfers, if any, Defendant gave new value to or for the benefit of the Debtor that made such Alleged Transfer, which new value was not secured by an otherwise unavoidable security interest, and on account of which new value that Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

58. The Alleged Transfers, if any, were (a) intended by the Debtor that made each such Alleged Transfer and Defendant to be a contemporaneous exchange for new value given to the Debtor, and (b) were, in fact, substantially contemporaneous exchanges.

**FIFTH AFFIRMATIVE DEFENSE**

59. Plaintiffs have failed to prove that the specific Debtor that made each such Alleged Transfer was insolvent on each date upon which an Alleged Transfer was made, if any, for purposes of its Second Claim for Relief (Avoidance of Fraudulent Transfers - 11 U.S.C. §

548(a)(l)(B)), to which the rebuttable presumption of insolvency pursuant to 11 U.S.C. § 547(f) does not apply.

## SIXTH AFFIRMATIVE DEFENSE

60. To the extent that Defendant may have been a transferee of an Alleged Transfer, Defendant took for value and in good faith and has a lien on (or may retain) each such Alleged Transfers to the extent of the value given by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

61. Each Debtor that made an Alleged Transfer, if any to Defendant received reasonably equivalent value in exchange for each such Alleged Transfer.

## EIGHTH AFFIRMATIVE DEFENSE

62. The relief sought by way of the Complaint is barred by (or otherwise subject to) the doctrines of setoff and/or recoupment.

## NINTH AFFIRMATIVE DEFENSE

63. The relief sought by Plaintiffs against Defendant in the Complaint should be barred to the extent that the Defendant was a mere conduit with respect to any of the Alleged Transfers identified in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

64. The relief sought by Plaintiffs against Defendant in the Complaint should be barred to the extent that any of the Alleged Transfers identified in the Complaint were earmarked for the benefit of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

65. To the extent the Complaint seeks to avoid and/or recover any Alleged Transfer not specifically listed on Exhibit A to the Complaint, the Complaint should be dismissed because it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8 made applicable to this adversary

proceeding pursuant to Fed. R. Bankr. P. 7008 and 7001(1). Furthermore, any such Alleged Transfers could be subject to the additional defenses of failing to satisfy the statute of limitations or laches.

## TWELFTH AFFIRMATIVE DEFENSE

66. There has been a failure of service of process.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Urology for Children LLC, respectfully requests that this Court:

    a. Enter judgment in its favor with respect to all Claims for Relief asserted in the Complaint; and

    b. Award to Defendant its costs and reasonable attorney's fees incurred in defending this action; and

    c. Grant Defendant such other and further relief as this Court deems just and proper.

Date: August 30, 2021  
       Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ E.E. Allinson III  
Elihu E. Allinson, III (No. 3476)  
919 North Market Street, Suite 420  
Wilmington, DE 19801  
Tel: (302) 428-8191  
Email: zallinson@sha-llc.com

*Attorneys for Urology for Children LLC*

## CERTIFICATE OF SERVICE

I, Elihu E. Allinson, III, hereby certify that on this 30th day of August 2021, a copy of the following *Answer to Complaint for Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)* was electronically filed and served via CM/ECF on all parties requesting electronic notification in this matter.

August 30, 2021                                                                   */s/ E.E. Allinson III*
Date                                                                                       Elihu E. Allinson, III